UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN DOMINIC MOLINA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN BENITO COUNTY SHERIFF,<br><br>　　　　Defendant. | Case No. 17-cv-02781-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the California State Prison in Corcoran, California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the San Benito County Sheriff's Department and unnamed Sheriff's deputies.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 1 at 4.)

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that San Benito County Sheriff's Deputies conducted a body cavity search of him for illegal drugs without a valid search warrant when he was incarcerated in the San Benito County Jail, and that no drugs were found. According to Plaintiff, the warrant was not valid because it was signed two days after the search.

Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979). More specifically, every detainee, regardless of the type or seriousness of the offense, who will be admitted to the general population of any prison or detention facility may be required to undergo a close visual inspection while undressed because "[c]orrectional officers have a legitimate interest, indeed a responsibility, to ensure that [facilities] are not made less

2

secure by reason of what new detainees may carry in on their bodies," including contraband and contagious infections. *See Florence v. Board of Chosen Freeholders of the County of Burlington, et al.*, 566 U.S. 318, 321, 330-334 (2012) (holding that county's search procedures did not violate the Fourth and Fourteenth Amendments because there was a reasonable balance between inmate privacy and the needs of the institution, and rejecting petitioner's proposal – that new detainees not arrested for serious crimes or for offenses involving weapons or drugs be exempt from invasive searches unless they give officers a particular reason to suspect them of hiding contraband – as unworkable). Plaintiff does not allege that searching him was unreasonable under the circumstances, i.e. that the ordinary reasons justifying body cavity searches for inmates in jails were not present in his case. Simply alleging that there was not a valid search warrant supporting the search does not suffice. To state a claim upon which relief may be granted, Plaintiff must allege in a coherent and understandable manner why the search of him was not reasonably justified by the need to ensure that the jail was not made less secure by reason of what he may have carried on his body.

## CONCLUSION

1. The complaint is dismissed with leave to amend. Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 17-2781 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is

filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 13, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge